Dear Mr. Payton:
You have asked this office to advise whether a state legislator may also hold employment with the Orleans Parish Criminal Sheriffs Office as a full-time, non deputized, administrative employee. For the following reasons, we advise that state law prohibits one from holding both positions at the same time.
The Louisiana Dual Officeholding and Dual Employment Laws, La.R.S. 42:61,et seq., prohibit the holding of certain combinations of public offices and/or employments. La.R.S. 42:63(C) specifically prohibits a state legislator from holding a full-time appointive office and any position of employment (whether part-time or full-time) in a political subdivision of the state. In addition, this statute provides that "no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government." La.R.S. 42:63(B).
A person holds an "appointive office" under La.R.S. 42:62(2) where the position is "specifically established. . .by the. . .laws of this state. . .and. . .is filled by appointment . . .by an elected or appointed public official. . . ." Generally speaking, deputy sheriffs who serve as peace officers, correctional officers, and as deputy tax collectors are considered as holding appointive office with a political subdivision, the Sheriff. See La. Atty. Gen. Op. Nos. 08-0182; 08-0131. Therefore, under La.R.S. 42:63(C), a full-time appointed deputy sheriff may not at the same time serve as an elected legislator. This Office has also previously observed that a legislator may not also simultaneously serve as a part time deputy sheriff because of separation of powers concerns. See La. Atty. Gen. Op. No. 07-0139; and La.R.S. 42:63(B). In that Opinion, this office considered the fact that an appointed deputy sheriff holds office in the judicial branch of state government and a legislator serves in the legislative branch. As a consequence, even if an appointed deputy sheriff worked only part-time under the sheriff in the judicial branch, he or she could not simultaneously serve as a state legislator. *Page 2 
Furthermore, even if, under the facts related, an administrator with the sheriff's office is not considered to be serving in an "appointive office," but rather as holding a position of employment with the sheriff's office, that person could not at the same time serve as a state legislator. La.R.S. 42:62(3) defines "employment" as "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof".
Pursuant to La.R.S. 42:62(7), a state legislator holds elective office within the legislative branch of state government, while under La.R.S. 42:62(9), an employee of the sheriff's office is considered to hold employment in the government of a political subdivision of the state.[1]
These designations are significant in that La.R.S. 42:63(C) provides that "no person holding an elective office in the government of this state shall at the same time hold. . .employment. . .in the government of a political subdivision thereof." Thus, because any employment (full-time or part-time) with the Orleans Parish Criminal sheriff's Office is "employment. . .in the government of a political subdivision," under La.R.S. 42:63(C), a state legislator is prohibited from working as a non-deputized, administrative employee on either a part-time or full-time basis.
In accord with our conclusion are the following opinions previously released by this office: Opinion 05-0186 (a state legislator may not be employed as Executive Director for the New Orleans Regional Business Park); Opinion 99-335 (a state legislator may not hold employment with the New Iberia Parish government); Opinion 95-435 (a state legislator may not hold employment with a hospital owned by the parish). While the positions of employment contemplated in the opinions cited fell within political subdivisions other than the sheriff's office, the reasoning is nonetheless applicable here: La.R.S. 42:63(C) prohibits a state legislator from holding any position of employment in the government of a political subdivision of the state.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: ______________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 3 
 OPINION 05-0186
Honorable Derrick Shepherd
State Representative
House District No. 87
2009 Ames Boulevard
Marrero, LA 70072
78 — OFFICERS — Dual Officeholding
R.S. 33:4701, R.S. 42:62(9), R.S. 42:63(C)
State legislator may not hold employment with New Orleans Regional Business Park.
Dear Representative Shepherd:
You have recently requested this office to advise you whether the executive director of the New Orleans Regional Business Park may seek election to the state legislature, and if elected, may he continue to serve as executive director of the Park?
The New Orleans Regional Business Park is a political subdivision of the state under the authority of R.S. 33:4703.[1] The chief executive director of the district receives a salary and office expense allowance as fixed and determined by the Board pursuant to R.S. 33:4702(C)(1) and (2).[2]
In response to your first question, in general an individual need not resign from his public employment to run for a political office, where the policies governing him employment do not prohibit him from seeking office, and where civil service rules are *Page 4 
inapplicable. Should he campaign during office hours, he must take personal leave as dictated by his employer's policy manual.
The employment with the Park district falls within the definition of R.S. 42:62(9).[3] Further, a state legislature holds elected office in the legislative branch of state government. See R.S. 42:62(7).[4] In response to your second question, if elected to the state legislature, he must resign from his employment with the Business Park. R.S. 42:63(C) prohibits one from holding state elected office and employment with a political subdivision of the state. The provision states:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 CCF:Jr.:KLK:lrs *Page 5 
 OPINION 99-335
Honorable Errol "Romo" Romero
State Representative
300 Iberia Street, Suite A 326
New Iberia, La 70560-4543
78 DUAL OFFICEHOLDING
LSA-R.S. 42:63(C); LSA-R.S. 42:62(1); LSA-R.S. 42:62(9); LSA-R.S.42:62(7); R.S. 42:62(4) and (5); R.S. 42:62(2)
A state legislator can also serve in a part-time appointed position with the parish.
Dear Representative Romero:
In response to your recent correspondence, please note the law prohibits a state legislator from concurrently holding employment with the parish government.
LSA-R.S. 42:63(C) of the State Dual Officeholding and Dual Employment Laws prohibits this arrangement, and provides as follows:
 C. No person holding an elective office in the government of this state shall at the same time hold
another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof. (Emphasis added).
Further, LSA-R.S. 42:62(1) states:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
LSA-R.S. 42:62(9) also states:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . .
Finally, LSA-R.S. 42:62(7) states in part:
 The legislative branch of State government includes the members of the Senate and the House of Representatives. . . . *Page 6 
A legislator holds elective office in the government of this state. The position of employment with the parish comes within the control of the parish governing authority and as such, constitutes employment with a political subdivision of the state under LSA-R.S. 42:62(9). Therefore, it is the opinion of this office that state law prohibits the holding of both positions concurrently.
While R.S. 42:63(C) also prohibits a state legislator from holding a full-time appointive office, no such restriction exists with respect to a part-time appointive office. "Full-time" and "part-time" positions are defined by R.S. 42:62(4) and (5), respectively:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
Finally, an "appointive office" is defined by R.S. 42:62(2), providing:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Therefore, a state legislator could also serve in a part-time appointed position with the parish.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:_____________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 7 
 OPINION 95-435
Honorable Gerry E. Hinton, D.C.
Senator
2549 Carey Street
Slidell, LA 70458
62-A LEGISLATURE
78 OFFICERS-Dual Officeholding
LSA-R.S. 42:63(C); LSA-R.S. 42:62(1); LSA-R.S. 42:62(9); LSA-R.S.42:62(7)
State legislator may not be employed by parish owned hospital.
Dear Senator Hinton:
In your correspondence of recent date you ask whether it is legally permissible for a state legislator to concurrently hold employment with a hospital owned by the parish.
LSA-R.S. 42:63(C) of the State Dual Officeholding and Dual Employment Laws prohibits this arrangement, and provides as follows:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
Further LSA-R.S. 42:62(1) states:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
LSA-R.S. 42:62(9) states:
 (9) "Political Subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . .
LSA-R.S. 42:62(7) states in part:
 (7) The legislative branch of State government includes the members of the Senate and the House of Representatives. . . . *Page 8 
A legislator holds elective office in the government of this state. The position of employment with the hospital comes within the control of the parish governing authority and as such, constitutes employment with a political subdivision of the state under LSA-R.S. 42:62(9). Therefore, it is the opinion of this office that state law prohibits the holding of both positions concurrently.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:_______________
 KERRY L. KILAPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 9 
 OPINION NUMBER 04-0101
Honorable Eric LaFleur
State Representative, District 38
P.O. Box 617
Ville Platte, LA 70586
62-A LEGISLATURE — Members of 78 OFFICERS — Dual Officeholding
La.R.S. 62(1); La.R.S. 42:63(C); La.R.S. 42:62(9); La.R.S. 62(3)
A state representative may hold the position of attorney for a local municipality on a contractual basis and not violate the dual officeholding and employment provisions of the Louisiana revised statutes.
Dear Representative LaFleur:
You have requested this office to issue an advisory opinion relative to dual officeholding, in particular, whether you as a state representative can hold the position of legal counsel for the town of Ville Platte on a contract basis.
Your position as a state representative falls within the category of state "elective office," which is defined as "any position which is established or authorized by the constitution or laws of this state . . . which is filled by vote of the citizens of this state. . . ." La.R.S. 62(1).
The revised statutes of this state prohibit a person holding an elective office in the government of this state while at the same time holding another full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof. La.R.S. 42:63(C). A political subdivision is any parish, municipality, or other unit of local government authorized by law to perform government functions. La.R.S. 42:62(9). The town of Ville Platte falls within this category.
Employment is defined as "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." La.R.S. 62(3). In previous opinions of this office, it was determined that if a political subdivision is not engaging the state representative as an employee on a salary or per diem basis and the relationship is one of merely contract, the provisions of the dual officeholding statute are inapplicable. See La. Atty. Gen. Op. Nos. 95-16 and 88-653.
Therefore, it is the opinion of this office that a state representative may hold the position of attorney for a local municipality on a contractual basis and not violate the dual officeholding and employment provisions of this state. *Page 10 
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please feel free to contact us.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:_________________
 CHARLES H. BRAUD, JR.
 Assistant Attorney General
 CCF, Jr./CHB/gr *Page 11 
 OPINION 95-16
Mr. Bobby Rawls
Counsel for Morgan City
Harbor and Terminal District
P.O. Box 2705
Morgan City, LA 70381
78 DUAL OFFICEHOLDING LSA-R.S. 42:61 et seq.; LSA-R.S. 42:62(3)
A member of the Legislature who enters into a contract, with a subsidiary agency of a local governing body, to perform consulting and managerial services does not violate Dual Officholding Law.
Dear Mr. Rawls:
In your opinion request of recent date, you state that the Morgan City Harbor and Terminal District would like to retain Representative Jack Smith by contractual agreement for his consulting services. You ask whether a state legislator may enter into such a contract, in light of the provisions of Louisiana's Dual Officeholding Law, LSA-R.S. 42:61,et. seq.
This office has previously addressed this issue and determined the provisions of Louisiana's Dual Officeholding Law do not prohibit this arrangement. "Employment" is defined in LSA-R.S. 42:62(3) as:
 ". . .any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
If the District is not engaging the state legislator as an employee on a salary or per diem basis, and the relationship is one of contract rather than "employment" as defined in LSA-R.S. 42:62(3), then the provisions of the Dual Officeholding statute are inapplicable. This conclusion is in accord with previous Attorney General Opinions 88-653 and 88-618, copies of which we enclose for your further review.
It is the opinion of this office that Representative Jack Smith may enter into a contract to perform consulting services for the Morgan City Harbor and Terminal District.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:_______________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK.ams *Page 12 
 OPINION NUMBER 88-618
Honorable Michael L. McCleary
State Representative
Post Office Box 708
Baker, Louisiana 70704
78 Officers — Dual Officeholding R.S. 42:61; R.S. 12:202 C; R.S. 42:65.
Contract between CTC, a non-profit, quasi public corporation for managerial services, does not violate Dual Officholding statute.
Dear Representative McCleary:
In accordance with R.S. 42:65 C you have requested an opinion of the Attorney General regarding the legality of a contract between McCleary and Associates, Inc. and Capitol Transportation Corporation (CTC), a non-profit corporation created by the City of Baton Rouge and the Parish of East Baton Rouge in 1970 pursuant to R.S. 12:202 C. The purpose of CTC is to operate a public transportation system. The contract would require McCleary and Associates, Inc. to perform managerial services for CTC.
Under the circumstances presented, CTC is contracting with a private corporation for managerial services. The corporation is a separate person and a legal entity and CTC is not engaging you as its employee on a salary or per diem basis; therefore, there is no "employment" of you by CTC as defined in R.S. 42:62 (3). That definition is as follows:
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
Accordingly, it is the opinion of this office that the engagement of McCleary and Associates, Inc. by CTC, a non-profit, quasi-public corporation, for management services does not violate Louisiana's Dual Officeholding Law. *Page 13 
Trusting that the foregoing sufficiently answers your inquiry, I remain
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY:______________
 KENNETH C. DEJEAN
 Chief Counsel
 KCD:mac *Page 14 
 OPINION NUMBER 88-653
Honorable Irma M. Dixon
State Representative
Post Office Box 4070
New Orleans, Louisiana 70178-4070
[ILLEGIBLE TEXT]
Dear Ms. Dixon:
In your letter dated December 6, 1988, you have requested an opinion of this office. You state that the Audubon Park Commission has entered into a contract with the Audubon Institute, a private non-profit corporation, which operates the New Orleans Zoological Gardens and the Aquarium of the Americas.
The Institute would like to retain you under a contractual agreement, as Director of Operations for the Aquarium. The Commission formed the Institute for the purposes of operating and maintaining the Aquarium.
We are enclosing a copy of an opinion of this office, 88-618, to the Honorable Michael McCleary, State Representative, which deals with an almost identical set of facts.
Consistent with our earlier opinion it is the opinion of this office that if the relationship between you and the Institute is one of contract rather than "employment" as defined in R.S. 42:62(3), the provisions of the Dual Officeholding Statute are not violated.
Thus, it is the opinion of this office that you may legally enter into a contract individually with the Audubon Institute to perform contractual consulting services for the Aquarium of the Americas because such a contractual relationship will not result in an "employment" as defined by the Louisiana Dual Officeholding Law. *Page 15 
Trusting that the foregoing sufficiently answers your inquiry, I remain
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 KENNETH C. DEJEAN
 Chief Counsel
 KCD:mac
 Enclosure
[1] La.R.S. 42:62(9) defines a "political subdivision" as "a parish, municipality, and any other unit of local government. . .authorized by law to perform governmental functions. . ." and further providing that ". . .mayor's courts, justice of the peace courts, district attorneys,sheriff's, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separatepolitical subdivisions". (Emphasis added).
[1] R.S. 33:4703(A) states in pertinent part: A. The New Orleans Regional Business Park, a special municipal district created under the provisions of this Part, shall constitute a body corporate in law, with all the powers of a corporation, and with all the powers and rights of a political subdivision of the state as provided by the constitution and laws of this state. . .
[2] R.S. 33:4702(C)(1) and (2) provide, pertinently: (1) The board of commissioners shall elect from its members a chairman, a vice chairman, a secretary-treasurer and such other officers as it may deem necessary at its first meeting; the chairman shall serve at the pleasure of the board. The board of commissioners may also select one person as president; three people as vice presidents to be in charge of marketing, operations, and finance respectively, who shall not be members of the board, but who shall be legal Louisiana residents. . . . . . . .(2) The secretary-treasurer shall furnish such bonds as may be required by the board of commissioners. The premium on the bond shall be paid out of the operating funds of the district. The president shall be the chief executive officer of the district, shall manage its affairs and operation, subject to the rules and regulations and bylaws adopted by the council and the board. The president and three vice presidents shall receive such salary and office expense allowance, if any, as shall be fixed and determined by the board of commissioners. (Emphasis added).
[3] R.S. 42:62(9) defines political subdivision as: a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[4] R.S. 42:62(7) provides: The legislative branch of state government includes the members of the Senate and the House of Representatives, the officers, agents, and employees of the legislature of either house or of a committee of either house thereof, the legislative auditor, legislative fiscal officer, or any other agency created by law which is primarily legislative in nature, and any other legislative officer, office, or instrumentality of the state.